## ELISHA G. JESTER

*v.*

## WILLIAM CARSE *et al.*

CONTRIBUTION — *property taken by one surety as indemnity.* In this case, one of two sureties, after payment of the debt, commenced suit at law against his co-surety, for contribution, and the latter filed his bill in equity to enjoin the same, to compel the plaintiff at law to account for and apply upon the debt certain property which the principal debtor had placed in his hands as an indemnity. It appeared that part of the property had been taken on a debt due from the principal, and not as security, and that the other property was incumbered by a mortgage exceeding its value: *Held*, that the bill was properly dismissed.

APPEAL from the Circuit Court of Bureau county; the Hon. E. S. LELAND, Judge, presiding.

Mr. MILTON T. PETERS, and Messrs. ECKELS & KYLE, for the appellant.

Mr. J. I. TAYLOR, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Elisha G. Jester and John G. Bubach, being co-sureties for one Wm. Carse, upon certain promissory notes, executed by the parties to the trustees of schools of a certain township in Bureau county, a judgment upon the notes was recov-

ered by the school trustees, against Jester and Bubach, for the sum of $633.84, and the land of the latter was sold for the satisfaction of the judgment.   Bubach afterward commenced a suit against Jester for contribution.

This was a bill in chancery, brought by Jester, against Bubach, to enjoin the prosecution of such suit at law, and to require Bubach to account for and apply upon the indebtedness certain property, which the bill alleged had been placed by Carse, the principal, in the hands of Bubach, for the purpose of security and indemnity against the said notes, and that the property was of value sufficient for the payment of the notes.

The property consisted of a piano and two certain town lots.

The court below, upon final hearing, found that the allegations in the bill had not been proved by a preponderance of the evidence, and dismissed the bill.

The complainant has appealed.

As respects the piano, there is, in the record, the positive testimony of three witnesses, that it was sold by Carse to Bubach for $240, and that the price was credited upon a note held by the latter against the former.   Another witness also testifies she knows Carse sold the piano to Bubach.   True, two of these witnesses are Carse and Bubach, and there is the circumstance of relationship to be considered as affecting the credibility of all these witnesses.

As to the two lots, it appears from the testimony that, at the time of their conveyance by Carse to Bubach, they, together with the homestead of Carse, were incumbered by two mortgages which had sometime previously been executed by Carse. The mortgages were subsequently assigned to one Mrs. Phelps, a daughter of Carse, which she foreclosed, obtaining a decree for a strict foreclosure, for the sum of $7984, whereby Bubach was divested of whatever title had been conveyed to him.   Mrs. Phelps afterward conveyed the homestead part of the mortgaged property for $4475.   Crediting the decree

with the amount of this sale, would leave a balance of $3508.50, represented by the two lots. The lots appear to have been worth about $250 each.

It is impossible to say, under the testimony, that there was any margin of value whatever in these lots after paying off the incumbrances which existed against them at the time they were deeded to Bubach.

This should sufficiently dispose of the case as to the lots.

With regard to the piano, there was conflicting testimony as to its value, and as to any *bona fide* sale of it by Carse to Bubach. But after a full consideration of the testimony, and all the suspicious circumstances in the case to affect it, and weighing all the evidence in the case, we do not find sufficient reason to reverse the finding of the court below that there was not a preponderance of evidence in support of the case made by the bill.

*Decree affirmed.*